[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15475
Non-Argument Calendar

_____

D.C. Docket No. 6:08-cr-00241-CEM-GJK-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GRALIN H. NELSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2018)

Before JORDAN, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Gralin Nelson appeals his sentence of 21 months' imprisonment and ten years of supervised release, which the district court imposed after his supervised release was revoked for two admitted violations of his conditions of release: (1) the unauthorized possession of a cell phone and (2) failing to disclose a new email address. Mr. Nelson argues that his sentence was both procedurally flawed and substantively unreasonable. We disagree, and affirm his sentence.

## I

In March of 2009, Mr. Nelson was sentenced to 108 months in prison for receiving and possessing child pornography. Ten months after his release from prison, Mr. Nelson's probation officer found him outside his home with a cell phone in his hands and earphones in, streaming and listening to music from YouTube. The probation officer seized the phone, and thereafter reported Mr. Nelson as having committed three violations of his supervised release: (1) using a computer or online service without approval, (2) failing to register an email address, and (3) viewing images or videos depicting minors in the nude or in sexually explicit positions. But at Mr. Nelson's final revocation hearing, the government moved to dismiss what was the third violation because a forensic examination of the phone determined that Mr. Nelson had only accessed pornography featuring adults. Mr. Nelson admitted committing the other two violations.

2

At the sentencing hearing, the district court found that Mr. Nelson had a criminal history category I and an advisory guidelines range of four to ten months' imprisonment based on the two admitted violations. The district court determined that the maximum statutory penalty was two years and the maximum term of supervised release was life. Neither party objected to these conclusions. The probation office recommended 24 months' imprisonment, and the government argued for a serious sentence based on the § 3553(a) factors, particularly deterrence and protection of the public. Mr. Nelson requested a sentence of six months' imprisonment.

The district court imposed a sentence of 21 months' imprisonment followed by ten years of supervised release. It reviewed in detail the child pornography offenses for which Mr. Nelson had just finished serving a 108-month sentence and voiced concern that Mr. Nelson had confessed in writing to a polygraph examiner that he had recently been watching child pornography three to four times per week. The district court clarified that although none of the images or videos Mr. Nelson had accessed on his phone actually contained minors, Mr. Nelson had demonstrated his "strong urge" by downloading "Lolita" pornography, which uses adult women who role-play as minors.[1]

**II**

---

[1] Mr. Nelson was not prohibited by the conditions of his supervised release from possessing adult pornography.

We review sentences upon revocation of supervised release for reasonableness. *See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). In reviewing sentences, we first look for significant procedural error, such as miscalculating the advisory guideline range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, basing a sentence on clearly erroneous facts, or failing to adequately explain the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). Thereafter, we assess the sentence's substantive reasonableness under an abuse of discretion, taking into account the totality of the circumstances and the § 3553(a) factors. *See United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

## III

Mr. Nelson first argues that the district court improperly based his sentence on unproven and erroneous facts (relating to the dismissed alleged violation that he had viewed child pornography) contained in the probation officer's initial report. But at the sentencing hearing, the district court specifically stated: "I'm not going to hold him to account for [the child pornography] stuff that the government can't prove . . . but there's a reason this looks really bad." D.E. 79 at 27. Further, the district court also explained, that it was "gravely concerned" by the nature of Mr. Nelson's violations: "[I]t's interesting how all of the violations directly correlate

4

to the underlying offense for which he served 108 months in prison . . . He violated [supervised release] in a way consistent with his doing what he did before he went to prison, and I'm concerned about that." *Id.* The district court then warned that this worry would be reflected in Mr. Nelson's sentence. Even though Mr. Nelson had not *actually* viewed child pornography, the evidence before the district court indicated that he had *attempted* to do so, and *thought* that he had done so. The district court was entitled to consider what Mr. Nelson had attempted to do, and we therefore disagree with Mr. Nelson that the district court procedurally erred by basing his sentence on the third and unproven dismissed violation.

Next, Mr. Nelson contends that the district court erred procedurally by intentionally making his sentence longer to allow him time to complete a sexual offender mental health treatment program in prison, which the district court was not permitted to do. *See Tapia v. United States*, 564 U.S. 319, 335 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.").

The government argued that a sentence of at least a year would allow Mr. Nelson to complete a 9- to 12-month sex offender treatment program through the Bureau of Prisons, but the district court clearly stated that it was not permitted to "sentence [a defendant] just to put [him] into a [treatment] program." *Id.* at 8. The

government also argued that the § 3553(a) factors pointed toward a serious sentence, particularly those of deterrence and protecting the public.

The district court explained at length its great anxiety stemming from the fact that, less than a year after having been released from nine years in prison for receipt and possession of child pornography, Mr. Nelson admitted to violating two special conditions and "was found with the phone searching, using the terms 'Lolita' and 'incest.'" *Id.* at 26, 27. It is true that at the close of the sentencing hearing, the district court made clear its "overriding concern" that Mr. Nelson be recommended to a BOP facility that offers a sex offender treatment program. But the district court made this statement in the context of choosing a facility, after having pronounced the sentence, not while deciding the sentence. A mere recommendation for a prison which *offers* such a program does not mean that the district court fashioned the sentence length *to meet* that purpose. The district court, therefore, demonstrated that it understood what it was *not* allowed to do, as well as what is within the bounds of its authority *to* do. See *Tapia*, 564 U.S. at 334-35. We do not find procedural error in the district court's discussion of options for rehabilitation in prison.

Finally, Mr. Nelson argues that his sentence is substantively unreasonable because it was more than double the suggested guidelines range and only two months shorter than the statutory maximum. The sentence is made less reasonable,

6

he contends, because of the district court's procedural errors and because the sentence was based on "scant permissible evidence."  Br. of Appellant at 30.

Our review of the record does not show that the district court failed consider relevant factors that were due significant weight, gave significant weight to an improper factor, or committed a clear error of judgment in its consideration of the proper factors.  *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court emphasized the close temporal proximity between Mr. Nelson's release from prison for his underlying conviction and the new arrest for violations of supervised release.  It also explained at length why a more serious sentence was warranted for Mr. Nelson, even though greater than the advisory guidelines range, and arrived at a sentence based on the purposes of sentencing.  *See* § 3553(a).  Considering the totality of the circumstances, we find no abuse of discretion.

## IV

Mr. Nelson's sentence is affirmed.

**AFFIRMED.**